L/H/CART

FILED
SUPERIOR COURT
OF GUAM
2014 FEB 10 AM 5: 01
CLERK OF COURT
BY:_____

**IN THE SUPERIOR COURT OF GUAM**

PEOPLE OF GUAM ) CRIMINAL CASE NO. CM267-13

)

) **DECISION AND ORDER**

)

vs. ) **Defendant's Motion to Dismiss Due to Civil**
) **Compromise**

LENICIA SHANNELLE QUINATA, )

)

JOVANNI MILAN DIXON GUERRERO, )

)

Defendants. )

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on February 3, 2014 on Lenicia Shanelle Quinata's ("Defendant Quinata") Motion to Dismiss due to Civil Compromise. Defendant Quinata was represented by Assistant Alternate Public Defender John P. Morrison. Co-Defendant Jovanni Milan Dixon Guerrero ("Defendant Guerrero") was represented by Attorney Anthony R. Camacho. The People of Guam ("the People") were represented by Assistant Attorney General Jesse J.N. Nasis. The parties submitted on their respective briefs and the Court took the matter under advisement. Upon review of the evidence, written arguments and legal authorities presented by the parties, the Court hereby issues this Decision and Order **GRANTING** Defendant Quinata's motion.

## BACKGROUND

Defendant Quinata and Defendant Guerrero were arrested on March 11, 2013 on charges of Assault by Mutual Combat (As a Misdemeanor).[1] It is alleged that Defendants "were

---

[1] The Magistrate's Complaint caption charges out the crime against Defendants as a Misdemeanor. However the citation

People v. Quinata, Guerrero (CM267-13)                                              Page 1 of 6
Decision and Order – Defendant's Motion to Dismiss Due to Civil Compromise


***ORIGINAL***

engaged in a verbal altercation when [Defendant Guerrero] threw a pillow at [Defendant Quinata]." Magistrate's Complaint at Declaration (Mar. 12, 2013). "[Defendant] Quinata indicated that [Defendant] Guerrero pulled her hair, twisted her right thumb and arm, grabbed and twisted her right leg and ankle." Id. "[Defendant] Quinata responded by pushing and scratching Defendant Guerrero in an attempt to get him to stop." Id. "Officers noted redness to [Defendant] Quinata's wrist and ankle and [she] appeared to be limping." Id. Officers also "noted redness to [Defendant] Guerrero's lower lip and scratch marks on his neck and face area." Id.

Defendants were arraigned on April 3, 2013. Both Defendants pled not guilty. See Super. Ct. of Guam Minute Entry Log 102026 & 102053 (Apr. 3, 2013). The case was assigned to this Court on April 5, 2013. On December 27, 2013, Defendant Quinata filed a Motion to Dismiss Due to Civil Compromise. Defendant Guerrero filed his waiver relative to the civil compromise on December 30, 2013. Likewise, the People filed their opposition to the dismissal on January 23, 2013. On February 3, 2014, the Court heard the matter.

## DISCUSSION

Defendant Quinata moves the Court to dismiss the instant case arguing that she "would like this misdemeanor compromised." Def. Quinata's Mot. to Dismiss at 2 ( Dec. 27, 2013). Defendant Quinata "has signed and executed a declaration acknowledging she would like this misdemeanor compromised and case dismissed against Mr. Guerrero." Id. Defendant Quinata also acknowledges that "she has received satisfaction for the damages caused by [Defendant] Guerrero." Id. She goes on to state on her Declaration that "[she] and Jovanni Milan Dixon Guerrero can and have reached an amicable settlement and [they] have resolved their past

provided by the Attorney General's Office refers to 9 GCA § 19.30 (d) which specifies that the charges herein should be classified as a "petty misdemeanor."

differences and difficulties. [Furthermore, she does] not require any other restitution." Waiver Re: Civil Compromise (Dec. 27, 2013).

Defendant Guerrero also filed a waiver in this case. Defendant Guerrero declares under penalty of perjury that an amicable settlement has been reached between himself and Defendant Quinata. Equally, the differences can or have been resolved and no restitution is required. See Def. Guerrero's Waiver Re: Civil Compromise (Dec. 30, 2013).

The People oppose the motion. The People argue that dismissal due to civil compromise is prohibited in this case because there is no satisfaction for injury in this case. "The People's position is that satisfaction of the victim's injury is best addressed through the rehabilitation of the Defendant through the criminal justice system." People's Opp'n Mot. at 3 (Jan 23, 2014). The People also contend that "there is no voluntary statement from Defendant Guerrero indicating that he has received satisfaction for his injury." Id. at 4.

Misdemeanors may be compromised in accordance with Guam law. Guam's Criminal Procedure provides when misdemeanors may be compromised as follows:

(a) When the defendant has been charged with the commission of an offense which is not a felony for which the person injured by the act constituting the offense has a remedy by a civil action, the offense may be compromised as provided by the Section.

(b) If the person injured appears before, or files his declaration in, the court in which the criminal action is pending at any time before trial and acknowledges that he has received satisfaction for the injury, the court may, on payment of the costs incurred, order the criminal action dismissed.

(c) A dismissal under this Section is a bar to another prosecution of the same offense.

8 GCA § 80.90

Section 80.90 is based on California Penal Code §§ 1377 and 1378. California case law is persuasive when there is no compelling reason to deviate from California's interpretation. Zurich Ins. (Guam), Inc. v. Santos, 2007 Guam 23 ¶ 7. As such, the legislative purpose behind

allowing civil compromise of criminal misdemeanors is not to guarantee a victim maximum compensation for the injury, but to remove from criminal prosecution those offenses for which there is a civil remedy available. *People v. Stephen*, 182 Cal. App.3rd 14, 27 (1986). The rationale for this legislative purpose, as indicated in *Stephen*, is that the public interest in those cases is best served by requiring the accused to make restitution directly and immediately to the individual victim instead of subjecting the accused to criminal sanctions for the welfare of society in general. Id.

In *People v. Moulton*, 131 Cal.App.3d Supp. 10 (1982), the Court held that various factors may be taken into consideration by a trial judge in determining whether to dismiss a misdemeanor criminal prosecution under a civil compromise statute. These factors include (1) whether the civil injury was coextensive with the criminal violation; (2) whether the circumstances were such that through private settlement the injury to the public was fully vindicated; and (3) whether the victim's settlement agreement was made voluntarily. Id. at 21-23.

In the instant case, the Defendants are charged with Assault by Mutual Combat (As a Petty Misdemeanor). As indicated in *Moulton*, by its very nature, Assault is a crime in which the person injured would almost always have a civil action for damages. Id. at 21. Since a civil remedy was readily available at the inception of this criminal case, it may be deduced that the civil injury was coextensive with the criminal violation.

In regards to whether the circumstances are such that through private settlement the injury to the public would be fully vindicated, the *Moulton* court held that the seriousness of the injury, as well as the circumstances of the commission of the offense, are taken into consideration in "determining whether a civil satisfaction adequately vindicates the public's

interest in enforcing its criminal laws." Id. at 23. In the instant case, the altercation was between the Defendants involved in a domestic relationship.

Lastly, in regards to whether the victim's settlement agreement was made voluntarily, this Court recognizes that both co-Defendants and cross victims submitted their Declaration that they have met and resolved their differences and civilly compromised the incident. The Court is not in a position to second guess their Declaration, considering it was submitted under penalty of perjury. Therefore, the Court accepts that the cross victims have voluntarily made their Declaration.

The Court finds that Defendant Quinata's motion provides both the legal and factual basis to approve dismissal pursuant to 8 GCA § 80.90 for the following reasons: (1) The acts constituting the offense have a remedy by civil action; (2) the injury suffered by the cross victims was not serious in nature and private settlement would fully vindicate any injury to the public; and (3) the cross victims have submitted a declaration under penalty of perjury that they received satisfaction for the injury and would like for the Attorney General's Office to dismiss this case by way of civil compromise. There is no information provided to the Court of any costs incurred as a result of this incident. Therefore, the Court **GRANTS** Defendant Quinata's motion recognizing that the civil compromise statute as applied in the instant case serves the interests of justice, judicial economy and fairness to the parties.

///

///

///

///

///

## CONCLUSION

By preponderance of the evidence and based on the foregoing reasons, the Court **GRANTS** Defendant Quinata's Motion to Dismiss Due to Civil Compromise. The case is hereby dismissed as to both Defendants.

**SO ORDERED** this _10_ day of FEBRUARY, 2014.

HONORABLE ANITA A. SUKOLA
Judge, Superior Court of Guam



FEB 1 1 2014